UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-61 |
| | ) | |
| ERIC LAVON HENRY, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the Court on May 31, 2012, for an arraignment and detention hearing. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Russell T. Greene represented the Defendant, who was also present.

Following his appointment, Attorney Greene made an oral motion for the Court to determine the Defendant's competency to stand trial. Mr. Greene stated that when he met with the Defendant to review the Indictment, the Defendant was not able to comprehend the single count of felon in possession of a firearm and ammunition, despite the fact that he has had similar charges arising out of the same incident pending in state court for approximately five months. Counsel stated that he had reviewed the Defendant's mental health history in his Pretrial Services Report, which includes information on prior mental health treatment and currently prescribed psychotropic medication. Mr. Greene stated that he had also spoken with the attorney who represents the

1

Defendant on his state charges and that individual said he believed the Defendant to be mentally ill and had witnessed the Defendant exhibit bizarre behavior both at his office and in court. Mr. Greene contended that this information causes him to believe that the Defendant both does not understand what is happening in this case and is not able to assist in the preparation of his defense. At the hearing, the Defendant asked Mr. Greene to inform the Court that he felt agitated and had not slept in two days. Mr. Greene also stated that he intended to file a notice, pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure, that he would raise a mental defense in this case.

The Government did not object to the request for a competency evaluation for the Defendant. In light of the Defendant's intent to raise a mental defense, the Government requested that the Defendant's sanity at the time of the offense also be evaluated pursuant to 18 U.S.C. § 4242(a). Defense counsel agreed that it would be in the Defendant's best interest that the competency and sanity evaluations take place at the same time.

Based on the information presented at the May 31 hearing, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the Court finds reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(a). The Government requested that the Defendant also be evaluated under 18 U.S.C. § 4242(a). Defense counsel did not object to this examination. Because the Defendant has stated that he will file a notice of his intent to raise an insanity defense and/or a defense relating to mental disease or defect and to eliminate the need for successive evaluations, the Court also grants an examination under section 4242(a) pursuant to Rule 12.2(c)(1)(B) of the Federal

2

Rules of Criminal Procedure.

Accordingly, the Court **GRANTS** the Defendant's and the Government's requests that the Defendant undergo a mental evaluation for competency and sanity, and it is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4242(a), 4247(b) and 4247(c), of the United States Code, as follows:

> 1. The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshal's office to such facility.
>
> 2. The purpose of the evaluation shall be:
>
>> a. for conducting psychiatric and psychological examinations by one or more licensed or certified psychiatrists and clinical psychologists;
>>
>> b. for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and
>>
>> c. for the purpose of determining whether at the time of the offense charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.
>
> 3. Pursuant to Rule 12.2(c), of the Federal Rules of Criminal Procedure, the Defendant is to submit to such examinations as ordered above.
>
> 4. The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.
>
> 5. The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:
>
>> a. the Defendant's history and present symptoms;

3

      b. a description of the psychiatric, psychological and medical tests that were employed and their results;

      c. the examiners' findings;

      d. the examiners's opinions as to diagnosis and prognosis, and

      i) whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

      ii) whether at the time of the offense charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

6. Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **FORTY-FIVE (45) DAYS**, unless otherwise ordered by the Court.

7. The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the forty-five (45) day period, or any reasonable extension of that time period, whichever is sooner.

8. A competency hearing is set for **September 4, 2012, at 9:30 a.m.** If the Defendant has returned and the forensic report has been received prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

9. The United States Marshal **SHALL NOTIFY** the Clerk of Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **September 4, 2012** competency hearing/status conference.

10. Because of the length of time necessary to evaluate the Defendant, the Court has not set this case for trial. A trial date will be set in this matter, upon the Defendant's return to the district if he is found to be competent. At that time, the Court will also

4

conduct an arraignment and set deadlines for filing pretrial motions and responses.

11. The Clerk is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

**IT IS SO ORDERED.**

ENTER:


        s/ C. Clifford Shirley, Jr.
       United States Magistrate Judge