UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CR-61 |
| | ) | |
| ERIC LAVON HENRY, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter came before the undersigned for a competency hearing on October 26, 2012, following the Court's Order [Doc. 7] that Defendant Henry be committed for a mental evaluation of his competency to stand trial and sanity at the time of the offense. Assistant United States Attorney Cynthia F. Davidson appeared as counsel for the Government, and Attorney Russell T. Greene appeared on behalf of the Defendant, who was also present. The parties relied upon the nineteen (19) page Forensic Evaluation prepared by Dr. Lisa Hope, Forensic Psychologist, as evidence of the Defendant's competency to stand trial. The report, which was made a sealed exhibit to the hearing, was the only evidence before the Court regarding the Defendant's competency.

Pursuant to 18 U.S.C. § 4241(d), the report concludes and the Court so finds by a preponderance of the evidence that Defendant Henry is mentally competent in that he is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in the defense of the charges brought against him in this case. Accordingly, the Court finds that the Defendant is **COMPETENT** to proceed to trial. The Court makes no ruling with regard to

1

whether the Defendant was sane at the time of the alleged offense.

At the conclusion of the competency hearing, the Court arraigned the Defendant on the Indictment [Doc. 1] and set a trial date of **December 18, 2012**, before the Honorable Thomas A. Varlan, United States District Judge. The Court finds that all time between May 31, 2012, when the Court ordered the mental evaluation, and the October 26 competency hearing to be fully excludable under the Speedy Trial Act as delay relating to an examination to determine the Defendant's competency, during the pendency of a pretrial motion, relating to transportation to and from the facility at which he was evaluated, and reasonably attributable to time during which this Court had the question of the Defendant's competency under advisement. See 18 U.S.C. § 3161(h)(1)(A), -(D), -(F), & -(H). With regard to further scheduling in this case, the Court set a detention hearing on October 31, 2012, at 1:30 p.m. The discovery cut-off date is November 2, 2012. Pretrial motions must be filed on or before November 23, 2012. Responses are due on or before December 7, 2012. The parties are to appear before the undersigned for a pretrial conference on December 12, 2012, at 1:30 p.m. This date is also the reciprocal discovery deadline and the deadline for concluding plea negotiations.

Accordingly, it is **ORDERED** that:

(1) The Court finds the Defendant is **COMPETENT** to stand trial;

(2) The Court will hold a detention hearing on **October 31, 2012, at 1:30 p.m.**;

(3) The trial of this case is set to commence at 9:00 a.m., on **December 18, 2012**, before the Honorable Thomas A. Varlan, United States District Judge;

2

(4) Discovery is due to the Defendant by **November 2, 2012**;

(5) The motion-filing deadline in this case is **November 23, 2012**;

(6) Responses to any motions filed are due on or before **December 7, 2012**; and

(7) The Court will hold a pretrial conference on **December 12, 2012, at 1:30 p.m.** This date is also the deadline for reciprocal discovery and for concluding plea negotiations.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge